1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TYRONE L. REED,                        No. C-10-0469 TEH (PR)

12            Plaintiff,

13        v.                                ORDER OF DISMISSAL

14   ROBERT K. WONG, Warden, et. al.,

15            Defendants.

16   _____/

17

18                                   I

19        Plaintiff, a prisoner presently incarcerated at Kern

20   Valley State Prison in Delano, California, and frequent litigant in

21   federal court, has filed a pro se civil rights action under 42

22   U.S.C. § 1983 alleging that prison officials at San Quentin State

23   Prison violated his constitutional rights while he was incarcerated

24   at that facility.  Plaintiff concedes, in both his original and

25   amended complaints, that he has not completed administrative

26   exhaustion with respect to his claim.  Doc. #1 at 2; Doc. #10 at 2.

27   //

28   //

United States District Court
For the Northern District of California

II

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Broadly stated, the purpose of the PLRA exhaustion requirement is to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Id. at 525.

California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  To exhaust available administrative remedies within this system, "a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a [California Department of Corrections and Rehabilitation ("CDCR")] 602 inmate appeal form; (3) second level appeal to the institution head or designee and (4) third level appeal to the director of the [CDCR]." Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997); Cal. Code Regs. tit. 15, § 3084.5.

The first level of appeal, or informal resolution, is

2

bypassed when the prisoner complains of alleged misconduct by a departmental peace officer.  Cal. Code Regs. tit. 15, § 3084.5(a)(3)(G).  The second level of appeal "shall be completed prior to the appellant filing at the third formal level."  Id. at § 3084.5(c).  A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at § 3084.1(a).

Failure to exhaust under § 1997e(a) is an affirmative defense.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), cert. denied, 540 U.S. 810 (2003).  A defendant has the burden of raising and proving the absence of exhaustion in an unenumerated 12(b) motion.  Id. at 1119-20.  But if the prisoner concedes in the complaint that he or she did not exhaust administrative remedies prior to filing suit, the action may be dismissed without prejudice. See id. at 1120 (if court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice).

Here, Plaintiff states with respect to his claim against San Quentin State Prison officials that he filed an administrative appeal, but that it "has not yet made it" to the third formal level. Doc. #10 at 2.  Because Plaintiff has conceded nonexhaustion, the action is DISMISSED without prejudice to filing a new case after Plaintiff has exhausted all available administrative remedies.  See Wyatt, 315 F.3d at 1120.

//

//

3

The Clerk is directed to terminate any pending motions as moot, enter judgment in accordance with this Order and close the file.

IT IS SO ORDERED.

DATED      06/14/10

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.10\Reed-10-469-dismiss-exhaustion.wpd

4